■ Fox Den Development Corp., Appellant, v Town of Yorktown, Respondent. [647 NYS2d 34] —In an action, *inter alia,* for a judgment declaring unconstitutional certain sections of the Code of the Town of Yorktown, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 26, 1995, which denied its motion for partial summary judgment, and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment declaring that sections 23 (B) and 24 (I) of Chapter A100A of the Code of the Town of Yorktown are constitutional *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 374, *cert denied* 371 US 901).

In or about August 1988, the Town Board of the Town of Yorktown adopted section 24 (I) of Chapter A100A of the Code of the Town of Yorktown which imposed a "service connection fee" upon all new users of water provided by the Yorktown Consolidated Water District (hereinafter the Water District). The service connection fee was $3,000 for property within the existing Water District and $6,000 for property outside of the Water District. The plaintiff owned 36 building lots outside the Water District, and, prior to the Water District being redrawn to include the plaintiff's property, the plaintiff paid the defendant $12,000 as a "hook-up" fee for two parcels of property. The plaintiff contends, *inter alia,* that the $12,000 fee was illegal.

We agree with the Supreme Court that the plaintiff's geographic location outside the boundaries of the Water District allowed the defendant to charge the plaintiff a greater fee than that charged to the properties within the Water District. The restrictions set forth in Town Law § 198 (3) (a) are inapplicable to out-of-district users. The Water District had no authority to tax the plaintiff's property to raise revenue for capital improvement while that property remained outside the district boundaries. The Town Board, therefore, had the authority to charge the plaintiff a "hook-up" fee pursuant to Town Law § 198 (3) (b), which allows an out-of-district user to "use water from a district system for a rental, *subject to the restrictions to be prescribed by said board"* (emphasis supplied). The cost to the taxpayers and consumers within the district for constructing the water works are properly considered when

fixing charges for outside consumers *(see,* 1948 Opns St Comp No. 2766, at 138-139). Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.